IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

SEP 0 7 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. *3.'16 CV 74 WHB-LRA*

PATRICK HOLIDAY,                            21 U.S.C. § 846
ANTWAINE RHODES,                           21 U.S.C. § 841(a)(1)
MERWYN BANKSTON,
QUINCY KING,
ZARIA FRANCO, and
JOSE CHRISTIAN NUNEZ-BELEMONTES

**The Grand Jury charges:**

COUNT 1

That from sometime in July 2015 through the date of this indictment, in Hinds County, in

the Northern Division of the Southern District of Mississippi and elsewhere, the defendants,

**PATRICK HOLIDAY, ANTWAINE RHODES, MERWYN BANKSTON, QUINCY KING**

**ZARIA FRANCO and JOSE CHRISTIAN NUNEZ-BELEMONTES**, did knowingly and

intentionally conspire, with each other and others known and unknown to the Grand Jury, to

possess with intent to distribute cocaine hydrochloride, a Schedule II narcotic drug controlled

substance, and cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled

substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

**QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE**
**CONSPIRACY**

With respect to **PATRICK HOLIDAY**, the amount involved in the conspiracy

attributable to him as a result of his conduct, and the conduct of other conspirators reasonably

foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a

Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code,

Section 841(b)(1)(B).

With respect to **ANTWAINE RHODES**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and more than 280 grams of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A) and (B).

With respect to **MERWYN BANKSTON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and more than 280 grams of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A) and (B).

With respect to **QUINCY KING**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to **ZARIA FRANCO**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

2

With respect to **JOSE CHRISTIAN NUNEZ-BELEMONTES,** the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## COUNT 2

That on or about August 3, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **ANTWAINE RHODES and MERWYN BANKSTON**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 3

That on or about August 8, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **ANTWAINE RHODES and MERWYN BANKSTON**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 4

That on or about August 8, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **ANTWAINE RHODES and QUINCY KING**, aided and abetted by each other and others known and unknown to the Grand

Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 5

That on or about August 8, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **ANTWAINE RHODES and QUINCY KING**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.   Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants,

up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code; Section 2461, Title 28, United States Code; and Section 981(a)(1)(c), Title 18, United States Code.


GREGORY K. DAVIS
United States Attorney


A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury


This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 7th day of _September_, 2016.


UNITED STATES MAGISTRATE JUDGE